IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNY OBERMILLER, | ) | |
| | ) | CASE NO. 1:19 CV 2193 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN ADAMS |
| | ) | |
| TIM SHOOP, Warden, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |
| | ) | |

Petitioner Denny Obermiller has now filed in this capital habeas corpus case a motion to stay these proceedings and hold them in abeyance while he pursues remedies in Ohio state courts. (Doc. 46.) Obermiller has returned to state court to attempt to utilize Ohio's Severely Mentally Ill statute to remove the death penalty specification from his sentence. For the reasons that follow, the motion is DENIED.

Obermiller requests that this case be stayed while he pursues relief under a new Ohio law that excludes persons with serious mental illness from the death penalty. The statute, Ohio Rev. Code § 2929.025, applies to persons like Obermiller who already have been convicted of aggravated murder and sentenced to death and claim they had a serious mental illness ("SMI") as defined by the statute at the time of the offense. Ohio Rev. Code § 2953.21(A)(1)(a)(iv). These inmates were permitted to file a post-conviction petition asking the court to vacate their death sentence and order resentencing within one year of the statute's effective date, which was April 12, 2021. Ohio Rev. Code § 2953.21(A)(1)(a)(iv), (A)(2)(b). Notably, the filing of an SMI petition "constitutes a waiver of any right to be sentenced under the law that existed at the time the

offense was committed and constitutes consent to be sentenced to life imprisonment without parole . . . ." Ohio Rev. Code § 2953.21(A)(3)(b).

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Factors to consider when determining whether a stay is appropriate are: 1) whether the issues in the collateral proceeding overlap with those in the pending proceeding; 2) the status of the other case; 3) the interests of the parties with respect to any delay; 4) the interests of the courts; and 5) the public interest. *F.T.C v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627-28 (6th Cir. 2014).

Importantly, the mere fact that a petitioner may have a separate claim pending in state court does not render the current federal petition a "mixed" petition. *See Wycuff v. Haviland*, No. 2:19cv3549, 2020 WL 529299, at *6 (S.D. Ohio Feb. 3, 2020) (quoting *Jackson v. Sloan*, 2018 WL 7269782, at *7 (N.D. Ohio Sept. 25, 2018)), report and recommendation adopted at 2020 WL 7382074 (S.D. Ohio Dec. 16, 2020). Although some courts have extended *Rhines* to stay unmixed petitions when a collateral proceeding with a federal claim is pending in state court, other "courts, including lower courts within the Sixth Circuit, have declined to extend *Rhines* stay-and-abeyance to petitions . . . containing only [exhausted] claims." *Callender v. Warden, Ross. Corr. Inst.*, No. 2:16-cv-1120, 2017 WL 3674909, at *3 (S.D. Ohio Aug. 24, 2017) (quoting *Peterson v. Warden, Pickaway Corr. Inst.*, No. 1:14-cv-604, 2015 WL 3970171, at *7 (S.D. Ohio June 30, 2015), report and recommendation adopted at 2017 WL 4076495 (Sept. 13, 2017) (collecting cases).

     Obermiller's Petition does not contain any unexhausted claims, and the pending state court proceedings do not raise any cognizable federal claims. Petitioner seeks state postconviction relief pursuant to newly enacted ORC § 2929.025, which makes a person diagnosed as suffering from a qualifying serious mental illness at the time of the offense ineligible for the death penalty. This is exclusively a state law claim, as there exists no such comparable federal constitutional right. As such, Petitioner's state law proceedings are independent from the instant federal habeas case, and this Court has no authority to review the state law decision on this matter. Moreover, Petitioner will not be harmed by the denial of a stay, as he may litigate both his state post-conviction action and his federal habeas petition simultaneously. Granting a stay under these circumstances would undermine the AEDPA's dual objectives of streamlining habeas proceedings and encouraging finality.

     Therefore, for the reasons stated above, the court DENIES Obermiller's motion to stay these proceedings

     IT IS SO ORDERED.

Dated: September 13, 2022                     */s/ John R. Adams*
                                                  JOHN R. ADAMS
                                                  UNITED STATES DISTRICT JUDGE