IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNY OBERMILLER, | ) | |
| | ) | CASE NO. 1:19 CV 2193 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| TIM SHOOP, Warden, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |
| | ) | |

Petitioner Denny Obermiller has now filed in this capital habeas corpus case a motion for leave to conduct discovery. (Doc. 63.) Obermiller requests discovery to support the factual development of two claims of ineffective assistance of trial counsel. (*See id*. at 7-9.)[1] Respondent opposes the motion. (Doc. 64.) And Obermiller has replied to Respondent's opposition brief. (Doc. 65.) For the following reasons, the motion is denied.

### RELEVANT PROCEDURAL HISTORY

Obermiller was convicted and sentenced to death by a three-judge panel in an Ohio state court in 2011 for the rape and aggravated murder of his grandmother, Candace Schneider, and the aggravated murder of his grandfather, Donald Schneider. *See State v. Obermiller*, 147 Ohio St. 3d

---

[1] For ease of reference, all citations to page numbers of documents filed in the Court's electronic court filing system ("ECF") are to the ECF-assigned page numbers of the individual documents, not to the documents' original page numbers or the ECF "PageID" numbers.

175, 176-79 (Ohio 2016). Obermiller waived his right to a jury trial, pleaded guilty to the nineteen-count indictment, and waived his right to present mitigation evidence at the penalty phase of his trial. *Id*. at 179. His convictions and sentence were affirmed on direct appeal and post-conviction review. *See id.* at 176 (direct appeal); *State v. Obermiller*, 2019 WL 1502500, at *1 (Ohio Ct. App. Apr. 4, 2019) (post-conviction review).

Obermiller filed a petition for writ of habeas corpus in this Court on August 20, 2020, asserting nineteen grounds for relief. (Doc. 25.) He filed an amended petition on December 29, 2021, with eighteen grounds for relief. (Doc. 44.) Respondent filed a return of writ on April 21, 2022. (Doc. 47.) Obermiller filed a traverse on December 16, 2022. (Doc. 58.) Respondent filed a sur-reply on April 7, 2023. (Doc. 66.)

Obermiller now has filed a motion to compel discovery. (Doc 63.) He requests discovery to support claims of ineffective assistance of trial counsel asserted in his seventh and eleventh grounds for relief. (*Id.* at 7-8.) Specifically, he seeks to depose trial counsel James McDonnell and Kevin Spellacy as well as two members of the trial team, Ceci McDonnell and Felicia Crawford. (*Id*.) Respondent opposes the motion on two grounds: (1) the motion is premature because the Court has not yet ruled on the procedural status of the claims at issue; and (2) the requested discovery is not warranted because the Court can review only evidence that is in the state-court record when considering claims adjudicated on the merits in state court. (*See* Doc. 64 at 2.)

## ANALYSIS

### A. Discovery in Federal Habeas Cases

A federal habeas petitioner, "unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Discovery in federal

2

habeas cases is governed by Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, which permits petitioners to initiate discovery available under the federal civil rules "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rules Governing § 2254 Cases, Rule 6(a). "Good cause" for discovery under Rule 6 exists only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .'" *Bracy*, 520 U.S. at 908–09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

It is the petitioner's burden to demonstrate the materiality of the information requested. *See Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004). Habeas Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations," but requires "specific allegations of fact." *Id.* (internal quotation marks and citations omitted). When a habeas petitioner "offers nothing more than vague musings on how [the desired discovery] might . . . unfold[,]" a district court may correctly determine that he or she has "fail[ed] to satisfy the 'good cause' standard required to obtain habeas corpus discovery." *Stojetz v. Ishee*, 892 F.3d 175, 207 (6th Cir. 2018). Discovery on a habeas claim that is procedurally defaulted, and for which the petitioner has not shown cause or prejudice to overcome that bar, would be futile and there would be no good cause to pursue it. *Williams*, 380 F.3d at 974–76 (holding that district court did not abuse its discretion in denying discovery requests because the habeas petitioner had procedurally defaulted the claim).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs federal habeas petitions, further restricts discovery in habeas proceedings. First, under AEDPA, habeas courts' review of federal claims that were adjudicated on the merits in state court is limited

3

to evidence contained in the state-court record. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits"); 28 U.S.C. § 2254(d)(2) (permitting relief where the state-court decision on a federal claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"). Habeas courts, therefore, routinely deny requests for discovery of evidence that is barred from their review. *See, e.g., Guysinger v. Buchanan*, 2020 WL 5405892, at *2 (6th Cir. July 16, 2020) (upholding district court's denial of petitioner's motion for discovery in part because the claim to which it applied "was adjudicated on the merits in state court, [and the court's] review [was] limited to the record that was before the state court"); *Davis v. Bobby*, 2017 WL 2544083, at *3 (S.D. Ohio June 13, 2017) ("*Pinholster*'s holding necessarily informs any determination as to whether discovery is warranted. . . . Put simply, unusable evidence cannot lead to relief.") (collecting cases); *Blevins v. Warden, Ross Corr. Inst.*, 2011 WL 6141062, at *4 (S.D. Ohio Dec. 9, 2011) ("*Pinholster* is not irrelevant to discovery in federal habeas. . . . There cannot be good cause to collect evidence which cannot be presented.").

AEPDA also limits factual development in federal court of habeas claims that were *not* adjudicated on the merits in state court, under § 2254(e)(2). *See* 28 U.S.C. § 2254(e)(2); *Holland v. Jackson*, 542 U.S. 649, 653 (holding that § 2254(e)(2) applies to petitioners' requests for discovery, which seek to achieve the same ends as evidentiary hearings); *Shinn v. Ramirez*, – U.S. –, 142 S. Ct. 1718, 1734 (2022) (holding that "under § 2254(e)(2), a federal habeas court may not . . . consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel"); *Shoop v. Twyford*, – U.S. –, 142 S. Ct. 2037, 2044-46 (2022) (holding that a district court's transportation order permitting a prisoner to obtain neurological testing in search of new evidence to support his habeas petition was not authorized under the All Writs Act

or § 2254(e)(2) where the petitioner did not show that the desired evidence would have been admissible in supporting a claim for relief). That provision states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>
> (A) the claim relies on –
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

The Supreme Court has interpreted § 2254(e)(2)'s opening clause to require some degree of fault on the applicant's part before the provision will apply and the requirements set forth in subsections (A) and (B) are triggered. In *Michael Williams v. Taylor*, 529 U.S. 420 (2000), the Court held that "a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Id*. at 432. Under § 2254(e)(2), therefore, district courts may permit factual development of a claim "only if [the prisoner] was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed in § 2254(e)(2) were met." *Holland*, 542 U.S. at 652-53. This standard is a "stringent one," barring discovery of new evidence "[i]n all but . . . extraordinary cases." *Ramirez*, 142 S. Ct. at 1728.

### B. Obermiller's Discovery Requests

Obermiller seeks discovery to support his seventh and eleventh grounds for relief, both asserting ineffective assistance of trial counsel. Combined, he claims that his trial counsel performed deficiently during the guilt phase of trial (Ground Seven) by failing to: (1) file a motion to suppress the identified applicable law, (2) object to the prosecutor's improper use of victim-impact statements from Candace Flagg, (3) cross-examine or object to any witnesses, (4) object to the trial court's use of Obermiller's silence against him, (5) investigate and present arguments in the culpability and penalty phases of trial, (6) move to suppress Obermiller's cell phone records, (7) object to the introduction of gruesome photographs, (8) object to inadmissible evidence elicited by the three-judge panel and the State, (9) maintain attorney-client privilege, and (10) preserve issues for appeal; and by failing to adequately investigate and present mitigating evidence during the penalty phase of trial (Ground Eleven), including evidence regarding: (11) childhood trauma; (12) an adverse childhood experiences ("ACE") test score; (13) Donald Schneider's alleged sexual abuse of him; (14) his mental illness; (15) his prison medical records; and (16) and his relationship with a female correctional officer at a juvenile corrections facility. (*See* Doc. 44 at 95-102; 119-44.)

### 1. Discovery supporting claims adjudicated on the merits in state court

Sub-claims (1) through (5) and (9) through (14), as listed above, were adjudicated on the merits in state courts. (*See* Doc. 47 at 65, 68-69, 71.)[2] This Court is limited in its review of these

---

[2] The Court's conclusions regarding the procedural history and status of the claims at issue here are based on a preliminary review of the pleadings and record and are drawn only for purposes of evaluating whether good cause exists for Obermiller's discovery requests. The Court may revise its determinations after a full consideration of the pleadings and record in ruling on Obermiller's petition and may revisit the issue of discovery, if necessary, at that time.

sub-claims to the state-court record under *Cullen v. Pinholster*, therefore, discovery supporting such claims is generally precluded.

Obermiller argues, however, that *Pinholster* does not prohibit discovery relating to these claims because the Supreme Court did not address the availability of discovery in federal habeas proceedings in that case. (Doc. 63 at 9.) It is true that discovery is not mentioned in *Pinholster*, and after the case was decided, there was some disagreement among district courts in this circuit about its application to discovery in habeas proceedings. *See, e.g., Davis v. Bobby*, 2017 WL 2544083, at *3 (S.D. Ohio June 13, 2017) ("As . . . numerous courts have recognized, neither the Supreme Court nor . . . [the] Sixth Circuit has provided explicit guidance on the interplay between *Pinholster* and the availability of discovery in habeas corpus proceedings."); *Conway v. Houk*, 2011 WL 2119373, at *3 (S.D. Ohio May 26, 2011) ("*Pinholster* did not . . . speak to the standards governing discovery set forth in Rule 6" and "[t]hat is reason enough to refrain from invoking *Pinholster*'s restrictions at the discovery phase"). As explained above, however, most habeas courts now apply *Pinholster* to discovery and deny petitioners' requests for information that *Pinholster* would bar from their review. One district court aptly observed, "It would defy logic to preclude a petitioner from developing factual information in an evidentiary hearing [under *Pinholster*], but allow her to introduce the same factual information via discovery and expansion of the record." *Caudill v. Conover*, 871 F. Supp. 2d 639, 646 (E.D. Ky. 2012).

Obermiller next argues that *Pinholster* does not preclude discovery on these claims because the Ohio courts did not permit their factual development, rendering AEDPA deferential review under § 2254(d) – and therefore *Pinholster*'s restrictions – "inapplicable." (Doc. 63 at 10-11.) He cites as support for this proposition, with little argument, *Panetti v. Quarterman*, 551 U.S. 930, 948 (2007), and two cases from outside the Sixth Circuit, *Wiley v. Epps*, 625 F.3d 199, 207 (5th

7

Cir. 2010), and *Winston v. Kelly*, 592 F.3d 535, 557 (4th Cir. 2010). These cases are not controlling here.

In *Panetti*, the Supreme Court held that a state court's competency determination was dependent on an unreasonable application of clearly established Supreme Court precedent because the state court failed to comply with the procedures required by *Ford v. Wainwright*, 477 U.S. 399 (1986), for determining a prisoner's competency to be executed. *Panetti*, 551 U.S. at 934–35. In *Wiley*, the Fifth Circuit applied *Panetti* where a state-court decision involved an unreasonable application of the requirements for adjudication of claim under *Atkins v. Virginia*, 536 U.S. 304 (2002), that the petitioner was ineligible for execution because he was intellectually disabled. *Wiley*, 625 F.3d at 206–07. Obermiller, by contrast, has not demonstrated that AEDPA deference (and therefore *Pinholster*) do not apply in his case under *Panetti,* because he has not shown that he was denied a procedure under Ohio procedural rules governing factual development in post-conviction proceedings or state-court rulings denying discovery and an evidentiary hearing to which he had a clearly established constitutional right. *See Hawkins v. Woods*, 651 Fed. Appx. 305, 309 (6th Cir. 2016) (holding *Panetti* does not apply where petitioner "has not identified any Supreme Court precedent specifically holding that due process requires an evidentiary hearing or establishing other procedural requirements for adjudicating a claim of ineffective assistance of counsel"). Indeed, claims challenging state post-conviction procedures on due process grounds are not cognizable on federal habeas review. *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) ("[E]rrors in post-conviction proceedings are outside the scope of federal habeas corpus review."); *Leonard v. Warden, Ohio State Penitentiary*, 846 F.3d 832, 854-55 (6th Cir. 2017) (declining to revisit the issue). Finally, the third case Obermiller cites, *Winston,* predates *Pinholster* and is "not

8

authority for finding an exception to its holding." *Dillingham v. Warden, Chillicothe Corr'l Inst.,* 2014 WL 2532337, at *2 (S.D. Ohio June 5, 2014).

*Pinholster*, therefore, bars discovery on sub-claims (1) through (5) and (9) through (14).

### 2. Discovery supporting claims never raised in state court

Obermiller also is not entitled to discovery on the remaining sub-claims asserted in Grounds Seven and Eleven – sub-claims (6) through (8), (15), and (16), as listed above – which he never raised in state court.  Obermiller argues that § 2254(e)(2) does not apply to these claims because he was not at fault for failing to develop them, as the state court would not permit discovery or an evidentiary hearing.  (Doc. 63 at 11-12.)  But he does not cite to any discovery requests related to these specific claims in the state-court record to support this proposition, and this Court can find none.  Regardless, Obermiller cannot meet the broader good-cause requirement of Rule 6(a) for discovery on these particular claims, much less the far more demanding § 2254(e)(2), as they are procedurally defaulted and Obermiller has not shown that the requested discovery could "resolve any factual disputes that could entitle him to relief." *Williams*, 380 F.3d at 975.

Before a federal court may review a state prisoner's habeas petition, the petitioner must give state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Procedural default occurs, precluding federal habeas review, when a petitioner failed to obtain consideration of the federal constitutional claim by state courts because he or she did not fairly raise that claim before the state courts while state remedies were still available.  *See, e.g., Wainwright v. Sykes,* 433 U.S. 72, 80, 84-87 (1977).  A petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice that resulted from the alleged violation

of federal law, or that there will be a "fundamental miscarriage of justice" if the claim is not considered. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Respondent argues that sub-claims (6) through (8) are procedurally defaulted because they are based on the trial record, but Obermiller never raised them in state court on direct appeal and he no longer can do so. (Doc. 47 at 64-65.) The Court agrees. Under Ohio law, *res judicata* now prohibits Obermiller from raising these claims in any post-conviction proceeding. *See Wong v. Money,* 142 F.3d 313, 322 (6th Cir. 1998) ("Under Ohio law, the failure to raise on appeal a claim that appears on the face of the record constitutes a procedural default under the State's doctrine of res judicata."); *State v. Perry*, 10 Ohio St. 2d 175, 180 (Ohio 1967) (holding that Ohio's *res judicata* rule precludes a defendant from raising for the first time in post-conviction proceedings a claim that was fully litigated or could have been fully litigated at trial or on direct appeal). And with no state-court remedies still available to him, Obermiller has defaulted this claim. *See, e.g., Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002) ("[I]f an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas review.").

Obermiller counters that he raised these claims in his application to the Ohio Supreme Court to reopen his direct appeal. (Doc. 58 at 40-41.) As Respondent notes, however, Ohio Supreme Court Practice Rules permit defendants to reopen the direct appeal from a judgment only to present claims of ineffective assistance of *appellate counsel.* Ohio S. Ct. Prac. R. 11.06(A). And "bringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim," such as ineffective assistance of *trial counsel*, "does not preserve the underlying claim for federal habeas review because 'the two claims are analytically distinct.'" *Davie v.*

10

*Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) (quoting *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005)).

Sub-claims (6) through (8), therefore, are procedurally defaulted, and Obermiller offers no explicit argument regarding the cause for, or prejudice resulting from, the default, or that he is actually innocent such that the default should be excused. Accordingly, there is no good cause for discovery relating to these claims. *See Williams*, 380 F.3d at 974.

Respondent further contends that Obermiller has defaulted sub-claims (15) and (16), as listed above, because he did not raise in state court claims that counsel were ineffective for failing to provide relevant prison records to "mental health experts" and to discover and present evidence that he was abused by a female corrections officer. And, as he no longer is able to raise those claims in state court, these claims also are procedurally defaulted. (Doc. 47 at 71.) The Court again agrees.

Obermiller raised on direct review to the Ohio Supreme Court a claim that trial counsel were ineffective in declining the trial court's proposal that the defense present mitigation evidence by brief or summarize the evidence that had already been presented that could be considered mitigating. (Doc. 30-1 at 571 (Appellant Merit Brf.).) He also presented a claim in state post-conviction proceedings that counsel were ineffective for failing to interview or properly interview certain family members and friends. (Doc. 30-6 at 267-69 (Amend. Post-Conv. Pet.).) In both cases, those sub-claims were adjudicated on the merits. *Obermiller*, 147 Ohio St.3d at 194 (¶¶ 90-92); *Obermiller*, 2019 WL 1502500, at *8.[3] But Obermiller did not raise the claims regarding his

---

[3] The state appellate post-conviction court found that Obermiller had already raised this claim on direct review before the Ohio Supreme Court and it was therefore barred by *res judicata*. *Obermiller*, 2019 WL 1502500, at *8. But the court nevertheless proceeded to conduct an alternative merits review. *Id.*

11

prison records and relationship with a corrections officer, and may no longer do so due to Ohio's filing deadlines, post-conviction procedures, and *res judicata* rules. *See* Ohio R. Crim. P. 33(B) (defendant may be entitled to new trial after deadline for filing motion for new trial if he was "unavoidably prevented" from filing motion or there is "newly discovered evidence"); Ohio Rev. Code § 2953.21(A)(1) (second, successive, or untimely post-conviction petition permitted if petitioner shows: (1) that he was "unavoidably prevented from discovery of the facts" of the claim, or the claim is based on a new federal or state right the Supreme Court has recognized that applies retroactively; and (2) but for constitutional error at trial, no reasonable factfinder would have found petitioner guilty of offense or eligible for death sentence). These claims, therefore, also are procedurally defaulted, and Obermiller does not offer any argument regarding cause and prejudice or actual innocence to excuse the defaults.

Obermiller, therefore, also has failed to demonstrate good cause for discovery to support sub-claims (15) and (16). *See Williams*, 380 F.3d at 974.

## Conclusion

For the foregoing reasons, Petitioner Obermiller's renewed motion for discovery (Doc. 63) is denied.

IT IS SO ORDERED.

Dated: February 2, 2024    */s/ John R. Adams*
                           JOHN R. ADAMS
                           UNITED STATES DISTRICT JUDGE